```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

REGINA ROJAS                                    CIVIL ACTION

VERSUS                                          NO: 10-2281

QUALITEST PHARMACEUTICALS, INC.                 SECTION: R(1)
and TEVA PHARMACEUTICALS USA, INC.


**ORDER AND REASONS**

In this products liability case, defendants Qualitest Pharmaceuticals, Inc. and Teva Pharmaceuticals USA, Inc. have filed motions to dismiss,[1] and Generics Bidco I, LLC has filed a motion to intervene and to join Qualitest's motion to dismiss.[2] For the following reasons, defendants' motions are GRANTED.

**I.   Background**

Plaintiff Regina Rojas filed suit against defendants Qualitest and Teva on July 30, 2010.[3] In her complaint, Rojas alleges that she "suffers from the effects of metoclopromide [sic] manufactured by one or more of the defendants."[4] Metoclopramide, also known by its trade name Reglan, is used to treat nausea and diabetic gastroperesis, among other conditions.

---

[1]   R. Doc. 35 (Qualitest); R. Doc. 38 (Teva).

[2]   R. Doc. 37.

[3]   R. Doc. 1.

[4]   *Id.* at ¶1.

Rojas alleges that patients, such as herself, who used metoclopramide for more than twelve weeks are at a significantly increased risk of developing a neurological movement disorder called tardive dyskinesia, as well as other side effects. Rojas alleges that the defendants are "manufacturers" under the Louisiana Products Liability Act. She further alleges that the metoclopramide manufactured by the defendants is unreasonably dangerous in its design and because of inadequate warnings about its dangers. As to damages, Rojas asserts that her use of metoclopramide, as prescribed, caused or contributed to "tardive dyskinesia, and other irreversible involuntary movement disorders, and/or other injuries associated with the central nervous and extrapyramidal motor systems."[5] She also alleges that she has lost earnings and has incurred medical expenses, among other damages.

Defendants have moved to dismiss the complaint under Rule 12(b)(6), and Generics Bidco has moved to intervene as a defendant and to join Qualitest's motion to dismiss. Rojas has not filed any opposition to these motions.[6] Defendants' motions are now before the Court.

---

[5] *Id.* at ¶42.

[6] After plaintiff's counsel withdrew from representing her, plaintiff failed to attend three show cause hearings which the Court ordered her to attend to discuss the matter of future representation.

**II.  Motion to Intervene**

Generics Bidco moves to intervene as a defendant as a matter of right under Fed. R. Civ. P. 24(a)(2), and it also moves for permissive intervention under Rule 24(b)(2).  The Court need not determine whether it must allow Generics Bidco to intervene as a matter of right, because intervention is justified under Rule 24(b)(2).  Such a determination is within the Court's discretion. *Aransas Project v. Shaw*, Nos. 10-40610, 10-40633, 2010 WL 518479, at *4 (5th Cir. Dec. 22, 2010).  Under Rule 24(b)(2), a court may, on a timely motion, permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact."  Generics Bidco shares such a common defense.  Charles Propst, a former employee of Qualitest and a current vice president of Generics Bidco, asserts in his affidavit that Qualitest distributed metoclopramide only until October 31, 2007, when it sold certain of its assets.[7]  On November 1, 2007, Generics Bidco (which does business as "Qualitest Pharmaceuticals") took over that business and began distributing metoclopramide.  Whether Generics Bidco is liable for plaintiff's alleged injuries, and the damages (if any) that flow from such liability, present many of the same questions that the Court faces with regard to defendants Qualitest and Teva.  Further, allowing the intervention will not "unduly delay or

---

[7]     R. Doc. 37, Ex. A.

prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Plaintiff filed suit on July 30, 2010, and Generics Bidco originally moved to intervene less than two months later, on September 28.[8] This case is in an early stage of litigation, and no party is prejudiced by Generics Bidco's intervention. Therefore, the Court will allow Generics Bidco to intervene as a defendant under Rule 24(b)(2), and Generics Bidco may also join Qualitest's motion to dismiss. The Court will now turn to the motions to dismiss.

**III. Motion to Dismiss**

*A.   Legal Standard*

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.

---

[8]   R. Doc. 18.

1996).  But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 129 S.Ct. at 1949-50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true.  *Id*.  It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.  *Twombly*, 550 U.S. at 555.  In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.  *Lormand*, 565 F.3d at 255-57.  If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir. 2007), the claim must be dismissed.

B.  *Discussion*

Rojas brings suit under the Louisiana Products Liability Act, which "establishes the exclusive theories of liability for manufacturers for damage caused by their products."  La. R.S. 9:2800.52.  "A claimant may not recover from a manufacturer for

damage caused by a product on the basis of any theory of liability that is not set forth in" the LPLA. *Id.*; *see also Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 261-62 (5th Cir. 2002) (LPLA is an exclusive remedy). To prove a claim under the LPLA, the plaintiff must establish:

> (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.

*Stahl*, 283 F.3d at 260-61 (5th Cir. 2002) (citing La. R.S. 9:2800.54(A)).

Defendants argue that Rojas' complaint should be dismissed because she does not specify (1) the dates she used metoclopramide, (2) the duration of use, (3) the prescribed dosage, (4) the injuries that resulted, and (5) who manufactured the metoclopramide that plaintiff consumed.[9] The Court will only address the last of these issues, because Rojas' failure to specify the manufacturer of the drug she ingested bars relief.

As noted, a manufacturer is liable under the LPLA only for damage that its product proximately caused. *See* La. R.S. 9:2800.54(A) ("The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such

---

[9] R. Doc. 35.

damage arose from a reasonably anticipated use of the product by the claimant or another person or entity."). In order to show proximate causation, a plaintiff must "identify the manufacturer whose product caused her injury." *Jefferson v. Lead Indus. Ass'n, Inc.*, 930 F.Supp. 241, 245 (E.D.La. 1996), *adopted and aff'd*, 106 F.3d 1245, 1247 (5th Cir. 1997). In *Jefferson*, this Court and the Fifth Circuit rejected the theory of "market share liability," under which liability is based on each manufacturer's share of the market. Rather, to meet the proximate cause requirement of the LPLA, the plaintiff must identify the "particular manufacturer" whose product caused the injury. 106 F.3d at 1248; *see also Cooper v. Wyeth, Inc.*, No. 09-929, 2010 WL 3906784, at *2 (M.D.La. Sept. 29, 2010) (dismissing claim when plaintiff failed to show that the defendant manufactured the metoclopramide that the plaintiff ingested); *Tarver v. Wyeth, Inc.*, No. 04-2036, 2005 WL 4052382, at *2-3 (W.D.La. June 7, 2005) (dismissing claims against defendant that did not sell or manufacture the metoclopramide plaintiff used).

Rojas has not identified which defendant manufactured the metoclopramide that she took. Rather, she alleges generally that she "suffers from the effects of metoclopromide [sic] manufactured by one or more of the defendants."[10] Plaintiff has failed to identify the particular manufacturer of the product

---

[10] R. Doc. 1, ¶1.

7

that caused her alleged injury. *Cf. Case v. Merck & Co.*, No. 02-1779, 2002 WL 31478219, at *5 (E.D.La. Nov. 5, 2002) (denying motion to dismiss when the plaintiff alleged that "each of the defendants," not "one or more of the defendants," manufactured the product that caused the plaintiff's injury). Teva, Qualitest, Generics Bidco, or another company altogether may have manufactured the metoclopramide that plaintiff used. Further, the complaint does not indicate how or whether plaintiff intends to determine which of the defendants, if any, manufactured the drugs she took. Nor does the complaint specify the dates plaintiff used metoclopramide, which - defendants assert - could at least eliminate either Qualitest or Generics Bidco as the manufacturer. Rather, the complaint merely states that defendants were engaged in the business of manufacturing, distributing, or selling metoclopramide. Plaintiff therefore cannot meet the proximate cause requirement under the LPLA, and her complaint must be dismissed.

## IV. Conclusion

For the reasons stated, the Court GRANTS Generic Bidco's motion to intervene, and it GRANTS defendants' motion to dismiss.

New Orleans, Louisiana, this 28th day of January, 2011.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE